124 F.3d 212
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Tom RICHEY, Plaintiff-Appellant,
v.
Tana WOOD; Ronald Van Boening; Dennis Potts; Evonne
Edwards; S. Neel, Defendants-Appellees.
 No. 96-35891.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 8, 1997.**
Decided Sept. 12, 1997.
 
 Appeal from the United States District Court for the Eastern District of Washington, No. CV-95-00244-CI; Cynthia Imbrogno, Magistrate Judge, Presiding.
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORNADUM*
 
 
 2
 Thomas Richey, a Washington state prisoner, appeals pro se the district court's summary judgment for the defendants in his 42 U.S.C. § 1983 action alleging violations of his First and Fourteenth Amendment rights. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we affirm.
 
 
 3
 Richey contends that the defendants denied him meaningful access to the courts by not providing him with free postage for a manuscript sent to the United Kingdom and a petition to the Scottish government. Because neither the manuscript nor the Scottish petition pertained to a civil rights or habeas corpus proceeding, the district court properly granted summary judgment for the defendant. See Lewis v. Casey, 116 S.Ct. 2174, 2181-82 (1996).
 
 
 4
 Richey's contention that defendant Edwards's refusal to process his manuscript and Scottish petition as legal mail was retaliatory in nature also lacks merit. Other than his conclusory allegations, Richey provided no evidence establishing a retaliatory motive. See Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir.1995). In addition, Richey's due process challenge fails because he received all the process he was due. See Procunier v. Martinez, 416 U.S. 396, 417-19 (1974).
 
 AFFIRMED.[1]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Richey contended before the district court that the defendants impeded his ability to send and receive mail, and that a biased hearing officer conducted his infraction hearing. Because Richey failed to raise these issues on appeal, the court considers them waived. See Reynolds v. County of San Diego, 84 F.3d 1162, 1166 (9th Cir.1996) (finding issue not raised on appeal waived)